IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00835-REB-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOES 1-21,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on September 4, 2012.**

Before the Court is a Memorandum of Law in Support of Defendant John Doe's (67.176.99.17) Motion to Dismiss the Matter, Quash and for a Protective Order [filed June 13, 2012; docket #16] filed by John Doe #7.

First, with respect to Doe 7's request to quash, none of the parties have filed the subpoena to which Doe 7 objects. To the extent the present motion seeks to quash or modify a subpoena issued through any district other than the District of Colorado, this Court must deny such request without prejudice. Pursuant to Rule 45(c)(3)(A), only "*the issuing court*" may quash or modify a subpoena (emphasis added). *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them." *In re Sealed Case*, 141 F.3d at 341 (citations omitted).

With respect to the remainder of the motion, due to its varied requests for relief, adjudication of the single motion will likely require different standards of review and legal analyses of both dispositive and non-dispositive issues. In the interests of judicial efficiency and the proper management of its docket, the Court **denies** the motion **without prejudice** and instructs Doe 7 to file his remaining requests for relief each in separate motions, as applicable. *See* D.C. Colo. LCivR 7.1C ("A motion shall be made in a separate paper.")

Finally, the Court reminds Doe 7 of his obligation to comply with Fed. R. Civ. P. 11(a), which states in pertinent part,

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and

      telephone number.

The Court acknowledges Doe 7's request to proceed anonymously, as revealing his identity may effectively moot the motion to quash. At the same time, the logistics of litigation necessitate that a movant disclose his contact information to the Court. *See* D.C. Colo. LCivR 10.1K. Therefore, if Doe 7 wishes to re-file his motion(s) in accordance with this order and all applicable local and federal court rules, he must first (or contemporaneously) file a motion to proceed anonymously and provide to the Court his name, address, telephone number and email address in accordance with Rule 11(a) and D.C. Colo. LCivR 10.1K. If Doe 7 wishes to keep his identifying information confidential, he may file his Signature Block separately, and may request that the document be maintained under Restriction Level 2 pursuant to the procedure set forth in D.C. Colo. LCivR 7.2. The Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.